UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSHUA NELSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     No. 2:24-cv-00357-JRO-MG |
| | ) |
| J. WADAS, | ) |
| | ) |
| Respondent. | ) |

**ORDER DISMISSING HABEAS PETITION
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Joshua Nelson filed a petition for writ of habeas corpus under 28 U.S.C.
§ 2241 while he was incarcerated at the federal prison in Terre Haute, Indiana
("FCI Terre Haute"). Dkt. 1. In the petition, he challenges the Bureau of Prisons'
("BOP") administration of the Inmate Financial Responsibility Program ("IFRP").
*Id.* For the reasons stated below, the petition is moot and, thus, **dismissed for
lack of jurisdiction**.

**I.**

**BACKGROUND**

At issue in Nelson's petition is the BOP's administration of the IFRP. The
IFRP establishes a procedure for encouraging inmates to pay their legitimate
financial obligations. 28 C.F.R. § 545.10. The Seventh Circuit has held that
the BOP is authorized to use the IFRP to ensure that inmates make "good-faith
progress" toward satisfying their court-ordered obligations. *McGhee v. Clark,*
166 F.3d 884, 886 (7th Cir. 1999). The BOP cannot compel inmates to make
payments under the IFRP. *See, e.g., United States v. Boyd,* 608 F.3d 331, 334

(7th Cir. 2010) (participation in the IFRP is voluntary).  Instead, the BOP is authorized to impose privilege restrictions for an inmate's failure to make IFRP payments or participate in the IFRP.  *See id.* ("[A]n inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP.").

In his petition, Nelson alleged that he signed a contract in 2019 agreeing to pay $25.00 per quarter through the IFRP.  Dkt. 1 at 7.  In July 2023, FCI Terre Haute staff member A. Springer terminated that payment plan and told Nelson that he had to agree to pay $25.00 per month or he would stop earning certain time credits.  *Id.* at 7.  When he resisted, A. Springer asked, "Are you refusing?"  *Id.*  Nelson signed a contract agreeing to pay $25.00 per month to avoid conflict.  *Id.*  About two months later, camp administrator T. Royer told Nelson he now had to agree to pay $67.00 per month.  *Id.* at 7.  Nelson tried to explain that he had just started a new $25.00-per-month plan and that the $67.00 figure was inaccurate, but T. Royer interrupted and said, "Are you refusing, this will stop your FSA credits!"  *Id.*  Nelson agreed to the new plan to avoid disciplinary action.  *Id.*  After he began the new plan, the BOP occasionally deducted $76.00 per month from his account rather than $67.00.  *Id.* at 8.  Nelson contended that the increases to his IFRP obligations were improper and asked the Court to "keep me away f[rom] the range of Payroll-TF $76.00 and FRP Monthly Pymt (-$67.00) with no retaliation from Terre Haute, IN Staff.  Keep the original IFRP 11-03-[2]019 or the courts decides whats fair for judgment."  *Id.* at 8 (errors in original).

With the return to the petition, Respondent provided evidence showing that a little more than a month after Nelson filed his petition the BOP reevaluated his financial status and reduced his IFRP payment plan to $25.00 per quarter, a plan to which Nelson agreed. Dkt. 20-1 at 5–6, 50. That is, the BOP gave Nelson the relief he requested. As a result, Respondent argued that the petition was moot and that the Court no longer had jurisdiction over it. Dkt. 20 at 7.[1] Nelson replied that he received relief only after making inflated IFRP payments for a year and filing suit, when the matter could have been resolved through the administrative remedy process. Dkt. 21. He asked the Court not to find that the case was moot "to prevent any further events with the IFRP." *Id.* at 1.

Not long thereafter, Nelson was transferred to the Federal Prison Camp in Morgantown, West Virginia. Dkt. 23.[2] The BOP's website currently reflects that Nelson has been released from prison and is under the supervision of the Residential Reentry Management office in Detroit. *See* https://www.bop.gov/inmateloc (last visited Apr. 9, 2026); *see also* https://www.bop.gov/locations/ccm/cdt/ (last visited Apr. 9, 2026). This

---

[1] Respondent also argued that Nelson's claims fail because he is not challenging the execution of his sentence, but rather the conditions of his confinement, and thus cannot raise the claims in a § 2241 habeas petition. *See* dkt. 20 at 5–6. The Court need not reach this argument because, as explained above, the dispute at issue in the petition is now moot.

[2] Nelson's transfer did not deprive this Court of jurisdiction over his habeas petition. *See In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021) (district court where habeas petition was filed retained jurisdiction after petitioner's transfer).

suggests that he has been transferred to prerelease custody, such as a residential reentry center or home confinement.

## II.

### DISCUSSION

The case-or-controversy requirement of Article III of the Constitution requires that, throughout the litigation, petitioner must have suffered or be threatened with an actual, redressable injury. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "This means that, throughout the litigation, the plaintiff must have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.* (internal quotation marks and quote authority omitted). Under an exception to this rule, voluntary cessation of allegedly illegal conduct does not moot the case unless there is no reasonable expectation that the alleged wrong will be repeated. *See Ciarpaglini v. Norwood*, 817 F.3d 541, 544–45 (7th Cir. 2016).

At this point, Nelson has received all the relief he requested—being returned to his $25.00-per-quarter payment plan. Moreover, Nelson's complaints about the problems with the administration of his IFRP plan were specific to FCI Terre Haute, and there is no reason to believe that he would again encounter similar problems now that he is on prerelease custody. Accordingly, his habeas petition is moot and the Court lacks jurisdiction over it.

### III.

### CONCLUSION

For the reasons stated above, Nelson's petition for writ of habeas corpus is **dismissed for lack of jurisdiction as moot**.  Final judgment will issue by separate entry.

Because Nelson did not update his address with the Court after he was released from prison, the Court cannot send him a copy of this Order or the final judgment. The **clerk is directed** to make a copy available upon request.

**SO ORDERED.**

Date: 4/10/2026

_____
Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

JOSHUA NELSON
[no current address available; copy upon request]

Jeffrey D. Preston
DOJ-USAO
jeffrey.preston@usdoj.gov